O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3226 AHM (PLAx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. v. LIFEALERT SECURITY, INC. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: |
|---|---|

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

Previously in this case the Court permitted Plaintiff to take jurisdictional discovery into the extent of Defendant's activities in the United States. Defendant now moves again to dismiss this action on the basis of lack of personal jurisdiction or *forum non conveniens*. For the reasons stated below, the Court DENIES Defendant's renewed motion.[1]

## I.    BACKGROUND

Plaintiff Life Alert Emergency Response, Inc. is a California corporation that provides emergency response services to the elderly and handicapped. Plaintiff owns several federally registered trademarks, including for the word marks "Life Alert" and "Life Alert You Are Never Alone 24/7." One of the ways in which Plaintiff markets its services is through the website <www.lifealert.com>. Having been in business for over twenty years, Plaintiff claims high name recognition and customer confidence.

Defendant Lifealert Security, Inc. is a small Canadian start-up company established in 2004. Its founder and majority owner is Dr. William Arkinstall, a respirologist and ICU specialist. Its office and principal place of business is in the province of British Columbia. It has no employees, telephone, branch offices, bank accounts, real property or personal property in California, has not designated a local agent for service of process, and is not involved in any other litigation in California.

---

[1]Docket No. 15.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3226 AHM (PLAx) | Date | December 29, 2008 |
|----------|----------------------|------|-------------------|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. v. LIFEALERT SECURITY, INC. | | |

Defendant sells a "Living Will System" through <www.lifealertsecurity.com>, a website, that informs medical personnel of a person's medical directives and persons he wishes to be contacted. The system includes an online living will document, directions for use, a bracelet that alerts medical personnel of the living will, and a purse or wallet card that summarizes one's medical directives. Dr. Arkinstall invented the Living Will System and obtained a United States patent for it in 2000. (Declaration of Ralph C. Loeb ¶ 2, Ex. A.)

Defendant's website advertises that Defendant's Living Will system is available in the United States and Canada and at different price points; the more expensive packages contain a living will document customized with specific legal terms for your "State or Province." (Declaration of Olga Vlasova ¶ 14, Ex. F.) Defendant's website encourages potential customers to register for an account by submitting their name, address, and other personal information. The registration page has a drop-down menu that lists American states and Canadian provinces. Currently, the website states: "At the present time we are not accepting new registrations from the state of California." (*Id.* ¶¶ 15-16, Ex. G; Declaration of Russell States ¶ 5.) It appears that between June and July 2008 -- that is, soon after this lawsuit was initiated -- Defendant removed California from the list of states it serves. (States Decl. ¶¶ 3-4.)

According to Defendant's discovery responses dated October 2008, Defendant has not sold any products or secured any account registrations. Its website did have some hits. According to information from Google Analytics, from January 1, 2007 to October 13, 2008, Defendant's website received a total of 11,245 visits. Of those, 6,734 visits were from users in the United States, and 4,459 visits were from Canada. Within the United States, 702 hits came from New York, 627 came from California, and 431 came from Texas and Florida each. (Declaration of Peter Afrasiabi, Ex. D)

On November 16, 2005, Defendant filed an application for registration of the "LifeAlert" trademark with the United States Patent and Trademark Office (USPTO). (Declaration of Peter Afrasiabi, Ex. D.) Defendant sought to use the "LifeAlert" mark in connection with medical identification bracelets and estate planning and insurance services. The USPTO has suspended the application. According to Defendant, its application has not yet been granted because it has not made any sales and therefore has not yet used its mark in commerce.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3226 AHM (PLAx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. v. LIFEALERT SECURITY, INC. | | |

At the time Defendant filed its trademark application in November 2005, Plaintiff already had three registered United States trademarks and one pending application for registration. (Vlasova Decl. ¶ 11.)

On May 15, 2008, Plaintiff filed this action asserting claims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and California law.  Plaintiff alleges that Defendant has violated its trademark rights by using the Life Alert mark on Defendant's website, <www.lifealertsecurity.com>, without Plaintiff's consent.  Plaintiff also alleges that Defendant's use of the Life Alert mark on its website is likely to cause confusion as to the origin, sponsorship or approval of the Defendant's goods and services by Plaintiff. Compl. ¶¶ 13-14.  Plaintiff seeks injunctive relief and various forms of monetary relief, including disgorgement of profits, treble damages, and punitive and exemplary damages.

On July 15, 2008, Plaintiff filed an application for registration of the trademark "Life Alert" in connection with jewelry, among other things.  (*Id.* ¶ 12, Ex. D.)  On October 22, 2008, the USPTO issued a notice to Plaintiff stating that its application is suspended pending the disposition of Defendant's earlier-filed trademark application. (*Id.* ¶ 13, Ex. E.)  The USPTO noted that there might be a likelihood of confusion between Defendant's mark and Plaintiff's mark.

## II.    DISCUSSION

### A.    Personal Jurisdiction

The plaintiff bears the burden of demonstrating that the Court has jurisdiction over a non-resident defendant.  *See Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  In determining whether the plaintiff has made that showing, the Court must accept as true all uncontroverted allegations in the complaint and must resolve in the plaintiff's favor any conflicts in the parties' affidavits. *See AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Where the motion "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. In such cases, [the court] only inquire[s] into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002)(internal citations omitted).

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3226 AHM (PLAx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. v. LIFEALERT SECURITY, INC. | | |

A California court's exercise of personal jurisdiction over a foreign defendant is limited by the state long-arm statute. California's long-arm statute permits the assertion of jurisdiction on any basis not inconsistent with the state or federal constitutions. *See* Cal. Civ. P. § 410.10. The jurisdiction of California courts thus is coextensive with the outer limits of due process under the state and federal constitutions. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). For due process to be satisfied, a non-resident defendant must have "minimum contacts" with the forum state such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945). Personal jurisdiction may be proper when a defendant's aggregated contacts with the United States satisfy constitutional criteria even if the contacts with any particular state do not.

Nationwide aggregation of a defendant's contacts is proper under Fed. R. Civ. P. 4(k)(2) if plaintiff proves three factors: (1) The claim against the defendant must arise under federal law; (2) the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction, and (3) the federal court's exercise of personal jurisdiction must comport with due process. *See Pebble Beach Co. v. Caddy*, 453 F.2d 1151, 1158-59 (9th Cir. 2006) (applying Rule 4(k)(2) in Lanham Act case).

Plaintiff argues that this California forum court may exercise specific personal jurisdiction over Defendant. In the alternative, it argues that the United States may exercise specific jurisdiction under Rule 4(k)(2). The test for specific personal jurisdiction has three parts:

1.   the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

2.   the claim must arise out of or result from the defendant's forum-related activities; and

3.   the exercise of jurisdiction must be reasonable.

*Panavision International*, 141 F.3d at 1320. The plaintiff bears the burden of satisfying

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3226 AHM (PLAx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. v. LIFEALERT SECURITY, INC. | | |

the first two parts of the test, and the defendant bears the burden on the third. *Pebble Beach Co.*, 453 F.3d at 1155. The parties do not dispute that Plaintiff's claims arise out of Defendant's forum-related activities. The alleged injury to Plaintiff would not have occurred "but for" the fact that Defendant's website and services are available to California residents and United States residents. *Panavision International*, 141 F.3d at 1322. They dispute only the first and third parts of the specific jurisdiction test.

### 1. Purposeful availment and purposeful direction.

The first part of the specific jurisdiction test contains two concepts, purposeful availment and purposeful direction, both designed to "ensure[] that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts. *Boschetto,* 539 F.3d at 1021 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)). Cases involving website operators are often evaluated under both concepts, and here Plaintiff does rely on both. To determine whether an out-of-state web site operator's activities amount to purposeful availment, the Ninth Circuit has endorsed the "sliding scale" approach, as set forth in *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). To determine whether the website operator's activities amount to purposeful direction, the Ninth Circuit uses the so-called "effects test," endorsed by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 788 (1984) and adopted by the Ninth Circuit in *Panavision*.

### a. No purposeful availment using the "sliding scale" approach

According to the sliding scale approach, a passive website, *i.e.*, one that "does little more than make information available to those who are interested in it," does not support the exercise of personal jurisdiction over its operators. *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1123 (W.D. Pa. 1997); *see also Cybersell*, 130 F.3d at 418. At the opposite end of the scale, an interactive website through which "the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet" justifies a court's exercise of personal jurisdiction. *Zippo*, 952 F.Supp. at 1124. Between these two extremes is a middle ground in which an interactive website is used to "exchange information with the host computer." *Id.* In such cases, the constitutionality of exercising personal jurisdiction is "directly proportionate to the nature and quality of

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3226 AHM (PLAx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. v. LIFEALERT SECURITY, INC. | | |

commercial activity that an entity conducts over the internet." *Id.*

Defendant admits that its website is interactive because it allows users to submit information and to purchase a product. However, as of October 2008, Defendant had not actually completed any transactions -- either account registrations or sales -- via the website. *See Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1104 (C.D. Cal. 2007) (Morrow, J.) (no purposeful availment because "[defendant] never completed any transactions through the website, with California residents or anyone else."). The only sale that Defendant has ever made was a sale to one Janet Williams, an Arizona resident who purchased a Living Will system through Defendant's website in November 2008. (Declaration of Janet Williams ¶¶ 3-4. Plaintiff erroneously cited this one sale as evidence of a sale to a California resident.) Furthermore, the percentage of hits on Defendant's website originating from California is not significant enough to support an inference of purposeful availment, since the distribution of hits from the United States roughly coincided with population. The mere maintenance of an interactive website, without consummated commercial activity, is not sufficient to establish specific jurisdiction over Defendant. *See id.* (same), *citing Winfield Collection, Ltd. v. McCauley*, 105 F. Supp. 2d 746, 751 (W.D. Mich. 2000) ("[T]he court is not prepared to broadly hold ... that the mere act of maintaining an interactive website that includes interactive features *ipso facto* establishes personal jurisdiction over the sponsor of that website anywhere in the United States"). Because so little commercial activity has occurred via Defendant's website, it would not comport with due process for the Court to exercise personal jurisdiction over the website's operator under the purposeful availment theory.

Plaintiff also points to the fact that Dr. Arkinstall has been using Google Analytics, a service of the California-based Google, Inc., since January 2007 to generate reports regarding user activity on the website. Google Analytic's Terms of Service requires users to submit disputes arising from its use of the service to the jurisdiction of the courts in Santa Clara, California and it provides that their relationship with Google is governed by California law. Since Defendant agreed to those terms, Plaintiff argues, Defendant should be deemed to have invoked the protection and benefits of California law. That argument is not convincing, because that agreement does not apply to disputes that are unrelated to one's use of Google Analytics. More importantly, Plaintiff's claim does not arise out of Defendant's "contract" with Google. Defendant's use of Google has nothing to do with the activity that gave rise to this trademark action -- Defendant's attempt do

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3226 AHM (PLAx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. v. LIFEALERT SECURITY, INC. | | |

business with California and United States residents.[2]

> b. Purposeful direction toward California or the United States

In *Pebble Beach Co.*, the Ninth Circuit observed:

> In *Calder v. Jones*, the Supreme Court held that a foreign act that is both aimed at and has effect in the forum satisfies the first prong of the specific jurisdiction analysis. 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). We have commonly referred to this holding as the 'Calder effects test.' ... To satisfy this test the defendant 'must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state,' ... However, referring to the *Calder* test as an 'effects' test can be misleading.  For this reason, we have warned courts not to focus too narrowly on the test's third prong-the effects prong-holding that 'something more' is needed in addition to a mere foreseeable effect.

453 F.2d at 1156.  "[T]hat 'something more' is what the Supreme Court described as '*express aiming*' at the forum state.  *Id.* (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).

In this case, Plaintiff has alleged willful trademark infringement (Compl. ¶ 26), thereby fulfilling the first prong of the *Calder* test (commission of an intentional tort). But the allegations in the Complaint and the evidence adduced through jurisdictional discovery fall short of establishing that Defendant expressly targeted California or knew that the brunt of the harm was likely to fall on California residents.  Plaintiff, a California corporation, contends that Defendant should have known that the harm would fall on it, because Plaintiff's trademarks were in the USPTO database at the time Defendant filed

---

[2]Indeed, if a person's use of Google Analytics -- or the Google.com search engine, which has the same forum selection and choice of law clauses -- were sufficient to subject her to the jurisdiction of a California court for a dispute that is unrelated to Google, the limits on specific jurisdiction would be meaningless and California courts would be overwhelmed.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3226 AHM (PLAx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. v. LIFEALERT SECURITY, INC. | | |

its trademark application.  Although a trademark search could have alerted Defendant to the existence of Life Alert Emergency Response, Inc. and led Defendant to discover Plaintiff's ties to California, Plaintiff has neither pled nor provided evidence that Defendant was in fact aware of a likely connection to California, much less that it singled out the California market.  *Cf. Panavision*, 141 F.3d at 1321-22 (holding that the effects test was satisfied in a trademark infringement case as defendant knew that plaintiff would suffer harm in California, since "its principal place of business was in California, and the heart of the theatrical motion picture and television industry is located there"); *Amini Innovation Corp.*, 497 F. Supp. 2d at 1106-07 (finding that defendants knew the brunt of the harm would be suffered in California where defendants competed in the same industry as plaintiff and did not deny that they knew plaintiff was located in California, and where plaintiff had placed extensive advertisements in industry publications that included its California address).

Plaintiff does amply demonstrate that Defendant expressly targeted the United States market as a whole, which Defendant does not deny.  Defendant's website specifically indicated that the Living Will product was available to both United States and Canadian residents and the registration page was tailored to accept both United States and Canadian registrations.  And indeed, it appears that in November 2008 an Arizona resident, Janet Williams, did purchase a "Basic Life Alert Living Will" through Defendant's website.  Among the information in the package Williams received was a recommendation that the customer inquire about organ donation requirements in her state or province and visit the organ donation websites maintained by the United States and Canadian governments.  (Loeb Decl. ¶ 5, Ex. C.)  Moreover, as advertised on the website, the more expensive packages contain legal terms specific to the state or province in which the customer lived.  Finally, Defendant has availed itself of the patent and trademark protections of the United States.  These jurisdictional facts indicate that Defendant solicited business from the United States, and Defendant disputes none of them.  Under the standards set forth in *Pebble Beach Co.*, these facts constitute the "something more" that prompts this Court to find that Defendant's conduct was expressly aimed at the United States.  *Cf. Pebble Beach Co.*, 453 F.3d at 1159.

## 2. Reasonableness of jurisdiction in the United States

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3226 AHM (PLAx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. v. LIFEALERT SECURITY, INC. | | |

Once purposeful direction is established, defendants may defeat jurisdiction only by "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir. 1993).

Defendant provides evidence that it is not a resident of the United States and that it would be difficult for it to defend this lawsuit. (*See generally* Declaration of Dr. William Arkinstall.) Defense counsel asserts, without explanation, that a Canadian court would be more appropriate to adjudicate any claims Plaintiff may have. The Court, however, is not persuaded that the inconvenience to Defendant and its owner, Dr. Arkinstall, is significant enough to render jurisdiction in this Court unreasonable. The record establishes that Defendant targeted the United States when it created its web site. It should come as no surprise to it that it may be sued here. "A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." *Panavision*, 141 F.3d at 1323 (citations omitted). Moreover, modern means of communication makes participation in the instant litigation much less onerous than in the past. Dr. Arkinstall may confer with counsel by telephone, fax, and e-mail, and under this Court's Local Rules may even make telephonic court appearances. *See id.* ("in this era of fax machines and discount air travel, requiring [defendant] ... to litigate in California is not constitutionally unreasonable."). Defendant has made no factual showing of the severity of the claimed burden other than making a generalized reference to the financial expense of participating in litigation in a foreign country. It has not demonstrated that the burden of litigating the instant case will be so great as to constitute a deprivation of due process.

### B.    *Forum Non Conveniens*

Defendant also seeks dismissal based on the doctrine of *forum non conveniens*. A federal court has discretion to dismiss a case on the ground of *forum non conveniens* when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184, 1190 (2007)

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3226 AHM (PLAx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | LIFE ALERT EMERGENCY RESPONSE, INC. v. LIFEALERT SECURITY, INC. | | |

(quotations and citations omitted).  When seeking to dislodge a plaintiff from its home forum, the defendant bears the heavy burden of showing that there is an adequate alternative forum and that the balance of private and public interest factors favors dismissal.  *Id.* at 1191; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

Defendant has not shown that a Canadian court would be an adequate alternative forum.  Even assuming that Canada has its own trademark laws, Defendant failed to explain how those laws would provide a remedy that would be an adequate alternative to remedies available under the Lanham Act and California law.

More importantly, Defendant has made no showing whatsoever why balancing of private and public interest factors favors a Canadian forum.  Although Plaintiff, a much larger corporation, has more resources at its disposal wherever the case may be litigated, it would also incur more expenses if it had to take its case to Canada, since its headquarters, marketing activities, and records are all located in California.  Based on the slim record available on the private interests at stake, the Court finds that ease of access to evidence and witnesses favors this forum.  Defendant also has made no case whatsoever that Canada would have any interest in having this controversy decided in its courts.  Given that Plaintiff is suing Defendant for using a mark that is likely to cause confusion among United States consumers, the United States undoubtedly has **a** strong interest in applying its own trademark law.  Defending this case in California will be burdensome for Defendant, but it is not inappropriate or unfair.

## III.    CONCLUSION

For the foregoing reasons, Defendant's renewed motion to dismiss is DENIED. No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.  Since a scheduling conference is on calendar for January 5, 2009, the parties are ordered to file a Joint Rule 26(f) Report by Friday, January 2, 2009.

                                                                            :

                                Initials of Preparer                    SMO